IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                              Case No. 4:96cr25-WS

**vs.**

**ANDRADIS BARNEY,**

    Defendant.

_____/


## REPORT AND RECOMMENDATION TO DENY WRIT OF MANDAMUS

This cause is before the court on Defendant's petition for writ of mandamus. Doc. 81. Defendant seeks to compel the Government to evaluate his post sentence cooperation, and claims that the failure to file a substantial assistance motion is based on an impermissible motive.

Defendant relies on his cooperation in <u>United States v. Ha</u>, 4:98cr15-RH. Defendant relied on his cooperation in that case in a previous motion to compel the Government to file a substantial assistance motion. Doc. 73. Attached to that motion and the current motion is the same letter from FBI Agent Price dated March 3, 1999, regarding Defendant's cooperation in the <u>Ha</u> case. Doc. 73.

The Government asserted in response to the previous motion that the FBI sent the letter without approval or knowledge of the United States Attorney, and the representation made in the letter that the Government was "fully prepared to use Barney at trial" in the Ha case was a misstatement.  Doc. 74, p. 1.

> The case agent was told prior to the Ha trial that Barney would not be used in any capacity by the undersigned [Assistant United States Attorney Bruce Lowe] because of our belief that Barney was unreliable and manipulative.
>
> Mr. Barney's cooperation did not rise to the level of substantial assistance. *His information was cumulative and highly suspect and given his history of alleged mental problems because of having been shot in the head, he would not have made a good witness.*  He was never called upon by the government to testify nor would he have been.

Doc. 74, pp. 1-2 (emphasis added, as discussed ahead) (paragraph numbers omitted).

The Government argued that its refusal to file a substantial assistance motion was not subject to judicial review absent a constitutionally impermissible reason.  *Id.*, p. 2 (citations omitted).  The motion to compel was denied without discussion.  Doc. 75.  Defendant did not object or file an appeal.

In the current motion, Defendant asserts that he had an oral agreement with the Government to cooperate in the Ha case in exchange for a substantial assistance motion "if Barney's cooperation rose to the level of substantial assistance."  Doc. 81, p. 3 and n. 1.  Defendant relies on the FBI letter noted above, and notes that his previous motion to compel was denied.  *Id.*, pp. 4-5.  Defendant quotes the sentence from the Government's response, emphasized above, and claims this shows the Government was biased against him based on a handicap, and this was a constitutionally impermissible motive.  *Id.*, p. 5 and n. 3.  Defendant claims that the Government has

failed to fully evaluate his assistance in violation of his oral agreement (in the Ha case) and due process. *Id.*, pp. 7-8.

" 'Substantial assistance' generally requires that the defendant's assistance has yielded results that are useful to the government, not merely that the defendant expended substantial effort or good faith in attempting to assist."  United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997), *cert. denied*, 522 U.S. 1067 (1998) (citation omitted).  Moreover, the Government's refusal to file a substantial assistance motion is subject to judicial review only upon a showing of a constitutionally impermissible motive, such as race or religion.  Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 1842-43, 118 L.Ed.2d 524 (1992); United States v. Forney, 9 F.3d 1492, 1499-1503  (11th Cir. 1993) (requiring unconstitutional motive for refusing to file motion, even where there is a Government agreement to "consider" filing a motion, where the determination of whether defendant provided substantial assistance was left solely to the Government) (citing Wade, other citations and footnotes omitted)  United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000) (citing Wade and Forney, other citations omitted).

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."  Wade, 102 U.S. at 185-186, 112 S.Ct. at 1843-1844 (some citations omitted).  There must be "an allegation *and* a substantial showing" of unconstitutional motive to obtain judicial review.  Forney, 9 F.3d at 1502-03 (emphasis in original) (citing Wade, footnote omitted).  *See also* 9 F.3d at 1500, n. 3 (fact that defendant asserted to the district court that the Government did not

fulfill its obligations under the plea agreement did not raise or preserve a "bad faith" issue as there was no allegation of unconstitutional or discriminatory motive by the Government) (citations omitted).

Defendant cites Wade and Forney, and claims that constitutionally impermissible motive is demonstrated by the Government's reference to him being "unreliable and manipulative," by claiming his cooperation "did not rise to the level of substantial assistance," and reliance on his "alleged mental problems" from "having been shot in the head." *Id.*, pp. 11-12.

It seems doubtful that "alleged mental problems"[1] or a head injury would, like race or religion, be matters that the Government could not constitutionally consider in denying a substantial assistance motion. Such things go to credibility and reliability, and would certainly factor into the decision of whether or not to call a witness. Further, the Government noted these problems *in addition* to the determination that Defendant was unreliable and manipulative, and that the information he provided was cumulative.

Moreover, the Government made the statement on which Defendant now relies in a document filed August 5, 1999, and Defendant's motion to compel was denied on August 19, 1999. The current motion gives no reason for the delay in claiming unconstitutional motive, and Defendant alleges no new evidence or additional facts not before the court when the motion to compel was denied over seven years ago.

---

[1] From the Government's use of this phrase, it is assumed that Defendant himself alleged to have problems due to his injury. It is not necessary to decide here, however.

Case No. 4:96cr25-WS

It is therefore respectfully **RECOMMENDED** that Defendant's petition for writ of mandamus, doc. 81, be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2006.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.